UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

BONNIE KRAMER, :
:
    Plaintiff, :
:
v. : Case No. 1:20-cv-1969
:
MONTLACK REALTY CO. :
A Domestic Corporation :
:
    Defendant. :

# COMPLAINT

Plaintiff, Bonnie Kramer (hereinafter "Plaintiff"), hereby sues the Defendant, Montlack Realty, Co., a Domestic Corporation (hereinafter "Defendant"), for Injunctive Relief, and attorney's fees, litigation expenses, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. §12181 et seq. ("ADA") and Ohio Code. In support thereof, Plaintiff states:

1.    This action is brought by Bonnie Kramer, and all persons similarly situated, pursuant to the enforcement provision of the Americans With Disabilities Act of 1990 ("ADA"), 42 U.S.C. 12188(a) against the owners and/or operators of the Marc's Grocery Store.

2.    This Court has jurisdiction pursuant to the following statutes:

    a.    28 U.S.C. §1331, which governs actions that arise from the Defendant's violations of Title III of the Americans with Disabilities Act, 42 U.S.C. §12181 et seq. See also 28 U.S.C. §2201 and §2202.

    b.    28 U.S.C. §1331, which gives District Courts original jurisdiction over civil actions arising under the Constitution, laws or treaties of the United States; and

   c. 28 U.S.C. §1343 (3) and (4), which gives District Courts jurisdiction over actions to secure civil rights extended by the United States government.

3. Venue is proper in this judicial district and division. Defendant does business in the State of Ohio, and all of the acts of discrimination alleged herein occurred in this judicial district and division.

## PARTIES

4. Plaintiff Bonnie Kramer is a resident of Cleveland, Cuyahoga County, Ohio, suffers from multiple sclerosis, uses a wheelchair, and is an individual with a disability within the meaning of ADA, 42 U.S.C. 12102(2), 28 C.F.R. 36.1047.

5. Plaintiff Bonnie Kramer is substantially limited in performing one or more major life activities, including but not limited to, walking and standing.

6. Plaintiff Bonnie Kramer resides in close proximity to the property in question, and frequently visits such property.

7. Plaintiff Bonnie Kramer, on several occasions, has been to the Marc's Grocery Store, located at 1833 Coventry Road, Cleveland Heights, Ohio 44118.

8. The Marc's Grocery Store is a place of public accommodation within the meaning of Title III of the ADA, 42 U.S.C. 12181, 28 C.F.R. 36.104.

9. Defendant owns, leases, leases to, or operates the Marc's Grocery Store, and is responsible for complying with the obligations of the ADA.

## COUNT I

## VIOLATION OF THE ADA

10. Plaintiff realleges paragraphs one (1) through nine (9) of this Complaint and incorporates them here as if set forth in full.

11. Plaintiff was a patron at the Marc's Grocery Store on or about August 15, 2020.

12. Plaintiff plans to return the property in September, to avail herself of the goods and services offered to the public at the property but for the barriers in existence that deter her from doing so.

13. There are numerous architectural barriers present at the Marc's Grocery Store that prevent and/or restrict access by Plaintiff, in that several features, elements, and spaces of the Marc's Grocery Store are not accessible to or usable by Plaintiff, as specified in 28 C.F.R 36.406 and the Standards for Accessible Design, 28 C.F.R., Pt. 36, Appendix A ('the Standards").

14. Plaintiff, upon visiting the property, personally suffered discrimination because of his disability.

15. There are several elements and spaces that Plaintiff personally encountered and which discriminated against her based upon him disability, such as:

    a. There are designated accessible parking spaces that do not have access aisles for an individual in a wheelchair to utilize.

    b. The route of travel is not accessible to an individual in a wheelchair.

    c. There is no accessible route from the parking area to the entrance of the building for an individual in a wheelchair to utilize.

    d. There is no access to the store for disabled individual in a wheelchair to utilize.

    e.    There are stanchions blocking the entrance so that a disabled individual in a wheelchair cannot access the property.

    f.    There is no indication on the property where the accessible entrance is for a disabled individual in a wheelchair to utilize.

    g.    Defendant maintains a policy of discrimination against disabled individuals by forcing them to have to ring a bell in order to enter the property, often having to wait in inclement weather for a great amount of time.

    g.    Plaintiff is forced to ring a bell and enter and exit through the workers area in order to access the property, while able-bodied individuals are allowed to freely enter and exit.

16.    The discriminatory violations described in paragraph 15 of this Complaint are not an exclusive list of the Defendants' ADA violations. The Plaintiff, and all other mobility-impaired individuals similarly situated have been denied access to, and have been denied the benefits of, services, programs and activities of the Defendants' buildings and facilities, and have otherwise been discriminated against and damaged by the Defendants because of the Defendants' ADA violations, as set forth above.

17.    The Plaintiff, and all others similarly situated, will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein. The Plaintiff, and all other individuals similarly situated, have been denied access to, and have been denied the benefits of services, programs and activities of the Defendants' buildings and its facilities, the opportunity to use such elements, and have otherwise been discriminated against and damaged by the Defendants because of the Defendants' ADA violations, as set forth above.

18.    Plaintiff has standing to sue for every barrier to access for the mobility-impaired that exists on the subject premises. Bonnie Kramer has standing to require that all barriers to access

on the property for the mobility-impaired are corrected, not merely only those Bonnie Kramer personally encountered.

19. Defendants' failure to remove the architectural barriers identified in paragraph fifteen (15) constitutes a pattern or practice of discrimination within the meaning of 42 U.S.C. 12188 (b)(1)(B)(i) and 28 C.F.R. 36.503 (a).

20. It would be readily achievable for the Defendant to remove the architectural barriers identified above.

21. Defendant is required to remove the existing architectural barriers to the physically disabled when such removal is readily achievable for its place of public accommodation that have existed prior to January 26, 1992, 28 CFR 36.304(a); in the alternative, if there has been an alteration to Defendant's place of public accommodation since January 26, 1992, then the Defendant is required to ensure to the maximum extent feasible, that the altered portions of the facility are readily accessible to and useable by individuals with disabilities, including individuals who use wheelchairs, 28 CFR 36.402; and finally, if the Defendant's facility is one which was designed and constructed for first occupancy subsequent to January 26, 1993, as defined in 28 CFR 36.401, then the Defendant's facility must be readily accessible to and useable by individuals with disabilities as defined by the ADA.

22. The Defendant has discriminated against Plaintiff by denying her access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the buildings, as prohibited by 42 U.S.C. § 12182 et seq. and 28 CFR 36.302 et seq

23. Defendant continues to discriminate against the Plaintiff, and all those similarly situated, by failing to make reasonable modifications in policies, practices or procedures, when such

modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities.

24. Bonnie Kramer has a realistic, credible, existing and continuing threat of discrimination from the Defendants' non-compliance with the ADA with respect to this property as described, but not necessarily limited to, the allegations in paragraph 15 of this Complaint. Plaintiff has reasonable grounds to believe that he will continue to be subjected to discrimination in violations of the ADA by the Defendants.

25. Plaintiff is aware that it will be a futile gesture to re-visit the property until it becomes compliant with the ADA.

26. Plaintiff is without an adequate remedy at law and is suffering irreparable harm. Plaintiff has retained the undersigned counsel and is entitled to recover attorney's fees, costs and litigation expenses from the Defendant pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505.

27. Notice to Defendant is not required as a result of the Defendant's failure to cure the violations by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000 or less). All other conditions precedent have been met by Plaintiff or waived by the Defendant.

28. Pursuant to 42 U.S.C. § 12188, this Court is provided with authority to grant Plaintiff Injunctive Relief, including an order to require the Defendant to make the property readily accessible and useable to the Plaintiff and all other persons with disabilities as defined by the ADA; or by closing the facility until such time as the Defendant cures its violations of the ADA.

29. Because Defendant has engaged in the acts and practices described above, Defendant has violated the law as alleged in this Complaint and unless restrained by this Honorable Court,

Defendant will continue to violate the Constitution and laws of the United States of America, and will cause injury, loss and damage to the Plaintiff, and all others so similarly situated.

## COUNT II - VIOLATION OF OHIO CODE

30. Plaintiff realleges paragraphs one (1) through twenty-nine (29) as if fully set forth hereunder.

31. Defendant's property is a place of public accommodation as that term is defined by Ohio Code Section 4112.01(A)(9).

32. Defendant committed an unlawful act pursuant to Ohio Code Section 4112.02(G) by denying Plaintiff full enjoyment of the accommodations, advantages, facilities or privileges of its place of public accommodation.

33. Pursuant to Ohio Code 4112.99, Plaintiff is entitled to compensatory damages and attorney fees and costs, in an amount to be determined at the time of trial, but in any event no less than $25,000.00, as well as the issuance of an injunction requiring Defendant to allow full and equal enjoyment of its goods, services, facilities, privileges and advantages to disabled persons.

**WHEREFORE,** Plaintiff respectfully requests that this Court:

    A. Declare that Defendant has violated title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq, 28 C.F.R. pt. 36 and Ohio Code Section 4112.02:

        i. by failing to bring the Marc's Grocery Store into compliance with the Standards where it is readily achievable to do so; and

        ii. by failing to take other readily achievable measures to remove architectural barriers to access when it is not readily achievable to comply fully with the Standards.

    B.    Order Defendant:

        i.    to make all readily achievable alterations to the facility; or to make such facility readily accessible to and usable by individuals with disabilities to the extent required by the ADA;

        ii.    to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities.

    C.    Award attorney's fees, costs and litigation expenses pursuant to 42 U.S.C. § 12205 and Ohio Code 4112.99;

    D.    Order such other appropriate relief as the interests of justice may require.

Respectfully Submitted,

By: /s/ Pete M. Monismith
Pete M. Monismith, Esq.
3945 Forbes Ave., #175
Pittsburgh, PA 15213
Ph: 724-610-1881
Fax: 412-258-1309
Pete@monismithlaw.com
PA Bar 84746